

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILXXXWWXXBYDXX~~XXXXXX
ATTORNEY GENERAL

May 5, 1939

Mr. C. E. Weaver
County Auditor
Nacogdoches County
Nacogdoches, Texas

Dear Sir:

Opinion No. O-729

Re: How can the office of county
auditor be abolished and re-
created?

Your request for an opinion on the above stated question has been
received by this office.

We quote from your letter as follows:

"Can the office of County Auditor of Nacogdoches County be abolished
by an order of the Commissioners Court and without the consent of
the District Judge, at the expiration of the Auditor's two year term?

"Also, is it necessary that the office of County Auditor of Nacog-
doches County, established under Art. 1646, Vernon's Annotated
Statutes, be re-created each two years by a request from the
Commissioners Court to the District Judge, or, the office having been
once established in such manner, is the power vested in the District
Judge to continue such office and make an appointment, or reappoint-
ment, of a County Auditor, if he decides there is still 'a public
necessity in the county's business' for a County Auditor?"

We are informed by your letter and by the Comptroller's office that
Nacogdoches County has a population of 30,390 inhabitants according
to the last Federal census and that the last assessed valuation was
$11,968,650.00.

Article 1645, Revised Civil Statutes, reads in part as follows:

"In any county having a population of thirty-five thousand inhabi-
tants or over, according to the preceding Federal Census, or having
a tax valuation of Fifteen Million Dollars ($15,000,000), or over,
according to the last approved tax roll, there shall be biennially
appointed an Auditor of Accounts and Finances, the title of said
officer to be county auditor, who shall hold his office for two (2)
years, and who shall receive as compensation for his services One

Hundred Twenty-five Dollars ($125) for each million dollars, or major portion thereof on the assessed valuation, the annual salary to be computed from the last approved tax roll; said annual salary from county funds shall not exceed Three Thousand Six Hundred Dollars ($3,600)...."

The population of Nacogdoches County and the assessed valuation of the property in your county do not come within the terms of Article 1645, of the Revised Civil Statutes, consequently article 1645 is not applicable to Nacogdoches County.

Article 1646, Revised Civil Statutes, reads in part as follows:

"When the Commissioners' Court of a county, not mentioned and enumerated in the preceding Article shall determine that an auditor is a public necessity in the dispatch of the county business, and shall enter an order upon the Minutes of said Court fully setting out the reasons and necessity of an auditor, and shall cause said order to be certified to the District Judges having jurisdiction in the county, said Judges shall, if such reason be considered good and sufficient appoint a County Auditor, as provided in the succeeding Article, who shall qualify and perform all the duties required of County Auditors by the Laws of this State; provided, said Judge shall have the power to discontinue the office of such County Auditor at any time after the expiration of one year when it is clearly shown that such auditor is not a public necessity and his services are not commensurate with his salary received;..."

We presume that at the time an auditor was originally appointed in Nacogdoches County, the Commissioners' Court entered an order upon the minutes of said court, fully setting out the reasons and necessity for an auditor, and caused the order to be certified to the District Judge of your county and that he considered the reasons stated in the court's order to be good and sufficient and did appoint a county auditor for a term of two years, and that such appointee qualified as provided in Article 1649, Revised Civil Statutes, 1925, by taking the oath of office and making the bond provided for in that article.

In view of Article 1646, supra, you are advised that when the Commissioners' Court by virtue of authority vested in it by such article officially determines that an auditor is a public necessity in the dispatch of the county business and enters an order upon the minutes of the Commissioners' Court fully setting out the reasons and necessity for an auditor, and causes such order to be certified to the District Judge or Judges having jurisdiction in the county, and the Judge or Judges consider the reasons set forth in the court order to be good and sufficient and appoint the county auditor in conformity with Article 1647, and the office of county auditor is then created.

in such county and the tenure or such office is for a period of two years. Inasmuch as Article 1646, supra, provides the method or manner in which such office may be discontinued and states:

"Provided, said Judge shall have the power to discontinue the office of such County Auditor at any time after the expiration of one year when it is clearly shown that such auditor is not a public necessity and his services are not commensurate with his salary received:"

We think this method of discontinuing the office is exclusive and that the office may not be discontinued in any other way except by act of the Legislature in changing the law or repealing the law because where a method of discontinuing an office is provided, it is the general rule of construction that the method so provided is exclusive, and excludes discontinuance of the office by any other method or procedure.

You also ask if the Commissioners' Court, under Article 1646, would have to determine every two years that an auditor is a public necessity in the dispatch of the county business and enter an order upon the minutes of the Commissioners' Court fully setting out the reasons and necessity for an auditor, and cause such order to be certified to the District Judge having jurisdiction in the county, etc. It is not necessary for this official determination to be made and a judgment entered and certified as above provided for every two year term, but that when such official determination is once made and such court order entered and certified to the District Judge and he considers the reasons stated in the court order sufficient to authorize the appointment of an auditor in the county and evidences his finding in an order entered in the minutes of the District Court, that the office of county auditor is created, can only be discontinued by a fact finding by such District Judge after the expiration of one year when it is clearly shown that such auditor is not a public necessity and his services are not commensurate with his salary received.

You are respectfully advised that it is the opinion of this Department that the office of county auditor of Nacogdoches County cannot be abolished by an order of the Commissioners' Court.

You are further advised that the Commissioners' Court would not have to determine every two years than an auditor is a public necessity in the dispatch of the county business and enter an order upon the minutes of the Commissioners' Court fully setting out the reasons and necessity for an auditor, but that when such official determination is once made and such court order entered and certified to the District Judge and he considers the reasons stated in the court order sufficient to authorize the appointment of an auditor in the county and evidences his finding in an order entered in the minutes

of the District Court that the office of county auditor is created, and can only be discontinued by a fact finding by such District Judge after the expiration of one year when it is clearly shown that such auditor is not a public necessity and his services are not commensurate with his salary received.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/ Ardell Williams

Ardell Williams
Assistant

AW:AW/cg
APPROVED:
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS